```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF VERMONT
In Re:                              :
                                    :
MARK R. MOORE,                      :
     Debtor.                        :
_____:
                                    :
MARK R. MOORE,                      :
     Appellant,          :
                                    :
     v.                             :   No. 2:06-cv-00063-wks
                                    :
DIANA G. ADAMS,                     :
ACTING UNITED STATES TRUSTEE,       :
     Appellee.                      :
_____:
```

## MEMORANDUM AND ORDER

Debtor Mark R. Moore appeals final orders of the United States Bankruptcy Court for the District of Vermont ("Bankruptcy Court") granting the U.S. Trustee's Motion for Conversion and changing the case from Chapter 11 to Chapter 7 bankruptcy, entered December 8, 2005, and denying his Motion for Reconsideration, entered January 6, 2006.  For the reasons set forth below, the Court AFFIRMS.

I. Background

Appellant Mark R. Moore is an attorney who is representing himself in this appeal.  Moore filed for protection under Chapter 11 of the Bankruptcy Code on April 5, 2005.  On November 9, 2005 the United States Trustee filed a Motion for Conversion, seeking to convert the case to a matter under Chapter 7 of the Bankruptcy Code or, in the alternative, to dismiss the case, pursuant to 11

U.S.C. § 1112(b).  As grounds for that motion, the trustee alleged that Moore failed to file operating reports, pay fees due pursuant to 28 U.S.C. § 1930(a)(6), and file a disclosure statement and plan.  In addition, the Trustee's financial analysis led him to believe that the debtor "could not propose a confirmable plan of reorganization." (Br. of the Appellee U.S. Trustee 9.)

The Bankruptcy Court scheduled a hearing on the motion for December 6, 2005.  Prior to that hearing, the Clerk's Office for the Bankruptcy Court was unable to locate Moore's Opposition to the motion.  Believing that the motion was unopposed, the Clerk's Office canceled the hearing, and called Moore to tell him of this change.  The Opposition was subsequently located, and the hearing was reinstated on the Bankruptcy Court's calendar for December 6, 2005.  Moore did not appear at the hearing.  Bankruptcy Judge Colleen Brown observed that there had been some confusion, and checked with the clerk's office to ensure that a staff member had spoken to Moore and advised him that the hearing was going forward as originally scheduled.  She then stated:

> . . . I am informed by the clerk's office, that despite the confusion that existed around the filing of the opposition and whether the hearing was on today, that someone from the clerk's office did have an actual conversation with Mr. Moore and told him that the hearing was on today, so in light of that, I am happy to entertain [the Trustee's] argument . . .

(Mot. for Conversion Hr'g Tr. 3:23-4:6., Dec. 6, 2005.) The

Bankruptcy Court proceeded to hear the Trustee's argument in favor of converting the case to Chapter 7, considered Moore's Opposition, and concluded that contrary to some suggestions in Moore's Opposition, the assets in the case, if any, could be liquidated by a Chapter 7 trustee.  (Id. 7:5-10.)

The Bankruptcy Court ultimately granted the motion and converted the case to a Chapter 7 bankruptcy by order entered December 8, 2005.  In that order, the Bankruptcy Court made three findings: (1) that the debtor did not attend or send any representative to the hearing, (2) that the debtor's objection was overruled, and (3) that the conversion of the case was based on the entire record before the Court including the hearing on the motion.  (Order Converting Chapter 11 Case to a Case Under Chapter 7, Dec. 8, 2005.)

Moore timely filed a Motion for Reconsideration requesting that the Bankruptcy Court reconsider the order converting the case to a Chapter 7 matter, on December 15, 2005.  Moore additionally moved to dismiss the case.  The Bankruptcy Court held a hearing on Moore's motion on January 3, 2006. At that hearing, Moore stated that he did not appear at the prior hearing because he had been told that it was off the Court's calendar. (Mot. for Recons. Hr'g Tr. 2:13-20, Jan. 3, 2006.)  The Bankruptcy Court responded:

> I do want to just clarify that at the hearing that was held I did in fact consider your opposition and went

> through it on the record.  The issue that arose was
> there is an impression in the Clerk's Office that the
> same deputy clerk who called to tell you the hearing
> was off also told you that the hearing was back on.
>     Now I think that the bottom line here is whether
> she told you that, excuse me, or there was a
> miscommunication or you didn't hear that it's at this
> point not material since the issue really is on the
> date that that hearing was held based on the record
> before me included your objection whether there were
> grounds to grant the motion to dismiss or convert, and
> the question that came up that day I want to raise
> again now is why is it that these lawsuits that you are
> describing could not be prosecuted through a Chapter 7
> Trustee and what benefit is there to the estate to have
> this case stay in Chapter 11?

(Id. 4:25-5:21.)  The Bankruptcy Court discussed the merits of the conversion with Moore, but ultimately found Moore's arguments on the subject unconvincing, and additionally found that Moore had failed to comply with the requirements of the Bankruptcy Code by failing to file operating reports and cooperate with the Trustee.  Moore attempted to explain that failure, but did not deny that he had failed to comply with some requirements.

At the conclusion of the hearing, Judge Brown ruled as follows:

> I had [Moore's Opposition] and I did go through that,
> but . . . a motion to reconsider is only granted if
> there's new evidence presented or some explanation of
> fraud or some basis for setting aside the prior hearing
> under Rule 5906, and there's been no evidence set forth
> today that appears to me to constitute sufficient
> grounds under either Rule 59 or 60, or even moving to
> the merits again and reconsidering the merits that were
> set forth in the prior affidavit that you filed and the
> motion that Mr. Purcell filed there's nothing new here,
> and therefore the motion to reconsider is denied and
> the case is converted to Chapter 11.

4

(Id., 18:13-19:2.)  On January 8, 2006, the Bankruptcy Court issued an order denying the motion to reconsider, "Because the Debtor has failed to demonstrate grounds for such relief under either Bankruptcy Rule 9023 or 9024 . . . ." (Order Denying Mot. to Dismiss Case and Denying Debtor's Mot. to Reconsider Order Converting Chapter 11 Case to a Case Under Chapter 7, January 6, 2006.)  The same order also denied Moore's request to dismiss the case; Moore did not appeal that denial. (Id.)

Moore filed a notice of appeal from the conversion and denial of reconsideration on January 4, 2006.

II.  Discussion

All of Moore's arguments on appeal relate to the confusion that he alleges led to his absence at the hearing on the motion to convert on December 6, 2005.  None of his arguments relate to the merits of the Bankruptcy Court's order granting that motion; his objections to the order converting the case all rest on procedural grounds.  This Order therefore does not address the merits of the motion to convert the case, as they are not properly before this Court.

First, Moore argues that the Bankruptcy Court erred in denying his motion for reconsideration when "no competent evidence" was submitted by the Trustee "bearing on the central issue of the misleading information provided by the court's clerk."  (Appellant Mark. R. Moore's Opening Br. on Appeal 4.)

5

Moore declares that Rule 7007 of the Federal Rules of Bankruptcy Procedure "requires that motions and oppositions be supported by sworn affidavits or declarations in the moving papers." (Id.)  In fact, Rule 7007 makes Rule 7 of the Federal Rules of Civil Procedure applicable, without change, in adversary proceedings in federal bankruptcy courts.  Rule 7(b) applies to motions and states that "An application to the court for an order shall be by motion which . . .shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

The record on appeal notably lacks any copy of Moore's motion to reconsider or any opposition to that motion filed by the Trustee.  However, even assuming that Moore is correct that no sworn affidavit or declaration was included with the Trustee's submissions to the Bankruptcy Court, the lack of such documents have no bearing on the Bankruptcy Court's ability to deny the motion for reconsideration.  Insofar as Moore argues that either the Bankruptcy Court or the Trustee was required to submit a sworn affidavit or declaration regarding the clerk's assertion that he or she had spoken to Moore, his arguments are unsupported by the applicable rules.

Second, Moore argues that the Bankruptcy Court erred in holding a hearing on the Trustee's motion to dismiss or convert the case, in the absence of notice to Moore. (Appellant's Br. 5.)

Moore does not dispute the adequacy of the original notice of the hearing; rather, this argument also centers on what confusion arose regarding his communications with the Clerk's Office. Moore cites 11 U.S.C. § 1109(b), which states that "[a] party in interest, including the debtor . . . may raise and may appear and be heard on any issue in a case under [Chapter 11]."

Moore's argument is unavailing because he was, in fact, heard on the issues raised in both the Trustee's motion to convert and his own motion for reconsideration.  The Bankruptcy Court did consider the opposition to the Trustee's motion that Moore submitted at the December 6, 2005 hearing, and did grant Moore a full opportunity to address the merits of the motion to convert the case at the hearing on January 3, 2006.  After hearing and considering Moore's arguments, the Bankruptcy Court concluded that "even moving to the merits again and reconsidering the merits that were set forth in the prior affidavit that you filed and the motion that Mr. Purcell filed there's nothing new here."  (Mot. for Recons. Hr'g Tr. 18:13-19:2.)  Regardless, then, of whether Moore was or was not informed that the hearing on the Trustee's motion to convert the case would take place as originally scheduled on December 6, 2005, he was given a full opportunity to be heard on that motion.

Finally, Moore argues that the Bankruptcy Court erred in failing to disqualify itself from the hearings.  Moore never made

7

a motion for disqualification to the Bankruptcy Court, but argues that he was unaware until the hearing on January 3, 2006, that there were grounds for such a motion.  (Appellant's Br. 6.)  Even were the Court to accept that argument, Moore's allegation of error must fail on its merits.

>   Moore states:
>
>   The Bankruptcy Court was aware as early as the hearing
>   . . . on December 6, 2005 that its clerk and it were
>   involved in an issue that affected Appellant's
>   fundamental procedural due process right to a hearing.
>   The court apparently took it upon itself to conduct an
>   investigation and opine on her results and conclusions
>   at the hearings without offering testimony under oath
>   or sufficient to allow the parties to investigate.

(Id.)  Moore sees the "investigation" that Judge Brown conducted as having given the Bankruptcy Court "personal knowledge of disputed evidentiary facts" under Rule 5004 of Bankruptcy Procedure.  Rule 5004 makes 28 U.S.C. § 455 applicable in bankruptcy proceedings.  That section requires disqualification where a judge has "personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  However, the information that Judge Brown gained by inquiring of the Clerk's Office whether it had given Moore notice of the December 6, 2005 hearing does not fall into this category. The Bankruptcy Court's statements at the hearing on January 3, 2006 made it clear that the cause of Moore's presence or absence at the hearing on December 6, 2005 was not a material fact affecting the orders that Moore now appeals.  The Bankruptcy Court

considered all of Moore's objections to conversion and made a decision on the merits which was not affected by his absence at the hearing on December 6, 2005.  In context, no information that Judge Brown possessed can reasonably be categorized as "personal knowledge of disputed evidentiary facts" that would require her to disqualify herself.

III.    Conclusion

For the foregoing reasons, the orders of the Bankruptcy Court converting the case and denying reconsideration are AFFIRMED.


Dated at Burlington, Vermont this 29th day of March, 2007.


/s/ William K. Sessions III
William K. Sessions III
Chief Judge